IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE MARTINEZ, | No. C 10-05829 CW (PR) |
| Petitioner, | ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| RANDY GROUNDS, Warden, | (Docket no. 5) |
| Respondent. | |

INTRODUCTION

Petitioner, a state prisoner incarcerated at the Correctional Training Facility (CTF), filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging as a violation of his constitutional rights a decision by the CTF Unit Classification Committee (UCC) to change his prison custody status from "Medium A" to the more restrictive "Close B."

Respondent has filed a motion to dismiss the petition on the grounds that it fails to state a cognizable claim for habeas corpus relief, or, alternatively, the claims are without merit. Petitioner has filed an opposition to the motion and Respondent has filed a reply. For the reasons discussed below, Respondent's motion is granted.

DISCUSSION

I.  Petitioner's Claims

In 1989, Petitioner was convicted of kidnap for robbery and sentenced to seven years to life in state prison with the possibility of parole. In August 2009, Petitioner appeared before the UCC at CTF, at which time the UCC changed Petitioner's custody

status from "Medium A" to the more restrictive "Close B" status, based on Petitioner's adjudication for an attempted escape from the California Youth Authority in 1982, when Petitioner was a minor.

Petitioner claims the UCC's decision violated his federal constitutional rights to due process and equal protection because (1) it relies upon a juvenile adjudication, which is not the same as a criminal conviction, to increase his custody status, and (2) it was not based on "some evidence" that he is a threat to prison security. Petitioner unsuccessfully challenged the UCC's decision through the prison's administrative grievance process and the California state courts.

II. Motion to Dismiss

A. Proper Remedy

Respondent first argues that Petitioner's claims are not cognizable in federal habeas corpus because Petitioner is not seeking relief that will affect the fact or duration of his confinement.

California Code of Regulations title 15, section 3377.1, identifies seven inmate custody designations used "to establish where an inmate shall be housed and assigned, and the level of staff supervision required to ensure institutional security and public safety." Cal. Code Regs. tit. 15, § 3377.1(a). Listed in order of most to least restrictive, those custody designations are: Maximum, Close A, Close B, Medium A, Medium B, Minimum A and Minimum B. <u>Id.</u> The UCC reviews each inmate's case at least annually to consider the accuracy of the inmate's classification score, custody designation, program, work and privilege group, and facility placement. <u>Id.</u> § 3376((d)(2)(A).

2

As noted, Petitioner seeks a determination from this Court that the UCC violated his federal constitutional rights when it changed his custody status from "Medium A" to "Close B."  "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id.

Although the Supreme Court has declined to decide whether conditions of confinement claims can provide grounds for federal habeas corpus relief, see Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979), the Ninth Circuit, whose decisions are binding on this Court, has concluded that they cannot.  See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (holding that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (holding habeas corpus action is proper mechanism for challenging "legality or duration" of confinement, while civil rights action is proper method for challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

//

Here, Petitioner presents only a conditions of confinement claim; specifically, he claims that he was wrongly classified for "Close B" custody status rather than the less restrictive status to which he believes state law entitles him. Petitioner, however, alleges no facts that lead this Court to conclude that a change in his custody status "necessarily" would affect the duration of his sentence. See Ramirez, 334 F.3d at 859.

Accordingly, because Petitioner's claim does not implicate the fact or duration of his confinement, the petition fails to state a cognizable basis for federal habeas corpus relief.

B.  Non-meritorious Claims for Habeas Corpus Relief

Respondent's second argument for dismissal of the petition is that, even if Petitioner's claims are cognizable in habeas corpus, the petition must be dismissed because Petitioner has presented no meritorious grounds for relief.

1.  Juvenile Adjudication

As noted, Petitioner maintains that the UCC violated his federal constitutional rights to due process and equal protection by relying on an attempted escape adjudication by the California Youth Authority in 1982, when Petitioner was a minor, to assign Petitioner a "Close B" custody status.

Petitioner fails to state a cognizable claim for habeas corpus relief, however, because such relief is not available for violations of state law. Specifically, a federal district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

4

Here, Petitioner challenges the UCC's application of the California Code of Regulations, which provides that the UCC, when determining a prisoner's classification score, may consider "administrative determinants" that include a "sustained juvenile adjudication," which is defined as "a guilty determination or ruling rendered in a juvenile judicial proceeding." Cal. Code Regs. tit. 15, § 3375.2(25)(A). Petitioner, however, has identified no federal constitutional provision that requires prison officials to limit the factors they may consider to determine the proper custody status for an inmate. Rather, Petitioner's claim implicates only the UCC's alleged erroneous application of state law.

Accordingly, this claim fails to state a cognizable ground for habeas corpus relief.

    2.   Some Evidence

Petitioner claims that the UCC's determination violated his federal constitutional rights because it was not supported by "some evidence" that Petitioner poses a threat to prison security.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant a writ of habeas corpus unless the state court's adjudication of the Petitioner's claim was either: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d).

"Section 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Williams v. Taylor, 529 U.S. 362, 412 (2000). In particular, "clearly established

5

Federal law" consists of those Supreme Court holdings governing at the time of the state court's adjudication, Carey v. Musladin, 549 U.S. 70, 74 (2006), that "squarely address" the issue presented. Wright v. Van Patten, 552 U.S. 120, 125 (2008).  "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme Court] is, at best, ambiguous."  Mitchell v. Esparza, 540 U.S. 12, 17 (2003).

Petitioner cites Superintendent v. Hill, 472 U.S. 445 (1985), for the proposition that federal constitutional mandates of due process and the right to equal protection require the UCC to rely on "some evidence" to justify a change in a prisoner's custody designation.  Hill, however, does not address the quantum of evidence prison officials must rely upon to make classification decisions; rather, Hill holds that "some evidence" is the modicum of evidence required to support a disciplinary finding of guilt that has resulted in the revocation of a prisoner's good time credits.  See id. at 454-55.  As such, Petitioner has presented no clearly established Supreme Court authority that equates the procedural requirements for the latter finding, which directly affects the duration of a prisoner's incarceration, with the former, which affects only a prisoner's custody status.  Consequently, the Court concludes that Petitioner has not shown that clearly established federal law required that the UCC's decision to move Petitioner to "Close B" custody status be supported by "some evidence."

Accordingly, Petitioner's claim is without merit.

C.   Summary

Based on the above, Respondent's motion to dismiss the petition on the ground that Petitioner has failed to state a cognizable claim

6

for federal habeas corpus relief, or, alternatively, has not presented meritorious claims for relief under 28 U.S.C. § 2254, is GRANTED.

III. Certificate of Appealability

A certificate of appealability will be denied with respect to Petitioner's claim. See 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability when entering final order adverse to petitioner). Specifically, Petitioner has failed to make a substantial showing of the denial of a constitutional right, as he has not demonstrated that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Respondent's motion to dismiss the petition is GRANTED.

2. A certificate of appealability is DENIED.

The Clerk of the Court shall enter judgment in favor of Respondent, terminate all pending motions, and close the file.

This Order terminates Docket no. 5.

IT IS SO ORDERED.

Dated: 1/6/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

7